IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| FARM CREDIT OF NORTHWEST FLORIDA, ACA, | ) ) ) |
| Plaintiff, | ) ) |
| v. | )   CIVIL ACTION 08-0439-WS-C ) |
| R & B CONSTRUCTION OF SOUTH ALABAMA, INC., *et al.*, | ) ) ) |
| Defendants. | ) |

**ORDER**

This matter comes before the Court on plaintiff's Motions for Default Judgment (docs. 28 & 29) against defendants Rollin Rockett and R & B Construction of South Alabama, Inc. The action was recently transferred to the undersigned's docket, and the undersigned has carefully reviewed the court file, including plaintiff's most recent motion papers.

The following is a brief synopsis of the relevant procedural history: In July 2008, the plaintiff, Farm Credit of Northwest Florida, ACA ("Farm Credit"), filed suit in federal court against defendants R & B Construction of South Alabama, Inc. ("R&B-SA"), Rollin Rockett ("Rockett"), and Brandon Robertson ("Robertson"). The Complaint alleged that R&B-SA was in default of its obligations to Farm Credit under a bond agreement pursuant to which R&B-SA had promised to pay Farm Credit the principal sum of $4,560,000, plus interest, and that Rockett and Robertson were in default of unconditional guaranties that they had executed in Farm Credit's favor to assure payment of R&B-SA's obligations on the bond agreement. The Complaint demanded judgment from each defendant in the amount of $1,652,474, plus interest accruing after June 30, 2008, attorney's fees, expenses, and costs of suit. Defendant Robertson appeared in this action and filed an answer, but defendants R&B-SA and Rockett did not. On September 15, 2008, and at Farm Credit's request, Clerk's Entry of Default (docs. 13 & 14) was entered as to R&B-SA and Rockett. Several months later, on March 5, 2009, Magistrate Judge

Cassady granted Farm Credit and Robertson's joint motion for consent judgment, and entered a Rule 54(b) Judgment (doc. 27) against Robertson and in favor of Farm Credit in the amount of $1,652,474, plus costs and post-judgment interest at the rate of 0.72%.

Farm Credit now seeks entry of default judgment against R&B-SA and Rockett. According to the motions and the proposed final judgment that Farm Credit submitted to Judge Cassady,[1] Farm Credit is asking that judgment be entered against those two entities, jointly and severally, in the amount of $1,707,307, plus past and prospective attorney's fees in the range of $238,011 to $256,261, as well as post-judgment interest and costs. The Court's concerns with this request are threefold.

First, it is not clear that service of process was properly perfected on either Rockett or R&B-SA. Plaintiff purportedly served Rockett via certified mail at the business address of R & B Construction, Inc. in Jonesboro, Georgia, with the return receipt signed by someone named Denise Gregory. Plaintiff has not explained the legal basis for its apparent contention that service of process on an individual defendant via certified mail sent to an out-of-state business address and signed for by another, apparently unrelated person comports with Rule 4(e), Fed.R.Civ.P.[2] Similarly, plaintiff purportedly served R&B-SA via certified mail at the same R & B Construction, Inc. address in Jonesboro, Georgia, where it was also signed for by Ms. Gregory. According to information displayed on the Alabama Secretary of State website as of

---

[1] This proposed final judgment was not docketed, and is not a part of the court file; however, the Court has received and reviewed a copy of it.

[2] In that regard, there is considerable authority for the general proposition that merely delivering a complaint and summons to a defendant's place of employment is inadequate. *See, e.g., Amnay v. Del Labs*, 117 F. Supp.2d 283, 286 (E.D.N.Y. 2000) (service insufficient under Rule 4(e)(2) where plaintiff left complaint and summons with secretary at defendant's place of work); *Chiara v. Dizoglio*, 81 F. Supp.2d 242, 250 (D. Mass. 2000) (process left at defendant's office, rather than his residence, is defective under federal and state law); *Lowe v. Hart*, 157 F.R.D. 550, 552 (M.D. Fla. 1994) (service of process was faulty where plaintiff merely left summons and complaint with someone at defendants' place of business); *Betlyon v. Shy*, 573 F. Supp. 1402, 1405 (D. Del. 1983) (service left at defendant's place of employment does not satisfy Rule 4); 4 C. Wright & A. Miller, *Federal Practice & Procedure* § 1096 ("service of the summons at the defendant's place of employment or business will not qualify" as effective service under Rule 4). Here, Farm Credit has not even made a showing that Rockett was employed at, or had any other connection to, the service location.

today's date, R&B-SA and R & B Construction, Inc. are distinct corporations, located in different states and with different registered agents, principal addresses, and presidents. Plaintiff has not explained how sending certified mail to R & B Construction, Inc., and having Ms. Gregory (whoever she might be) sign for it constitutes valid service of process on R&B-SA under Rule 4(h)(1), Fed.R.Civ.P.

This service inquiry is not simply academic, nor is the Court overstepping boundaries by raising it *sua sponte*. To the contrary, the law is well-settled that "[g]enerally, where service of process is insufficient, the court has no power to render judgment and the judgment is void." *In re Worldwide Web Systems, Inc.*, 328 F.3d 1291, 1299 (11th Cir. 2003). This is because "[s]ervice of process is a jurisdictional requirement: a court lacks jurisdiction over the person of a defendant when that defendant has not been served." *Hemispherx Biopharma, Inc. v. Johannesburg Consol. Investments*, 553 F.3d 1351, 1360 (11th Cir. 2008) (citation omitted).[3] Thus, in determining whether to exercise its discretion to take the disfavored action of entering a default judgment against a party that has failed to plead or otherwise defend, "the district court has an affirmative duty to look into its jurisdiction over both the subject matter and the parties. ... A court cannot obtain personal jurisdiction over a party without proper service of process." *D'Onofrio v. Il Mattino*, 430 F. Supp.2d 431, 437-38 (E.D. Pa. 2006) (citations omitted).

Second, assuming that personal jurisdiction does exist, such that any default judgment entered against R&B-SA and Rockett would not be void, the Court is concerned about the potential for double recovery if a default judgment is entered along the lines proposed by Farm

---

[3] *See also Oldfield v. Pueblo De Bahia Lora, S.A.*, 558 F.3d 1210, 1217 (11th Cir. 2009) ("an *in personam* judgment entered without personal jurisdiction over a defendant is void as to that defendant") (citations omitted); *Posner v. Essex Ins. Co.*, 178 F.3d 1209, 1214 n.6 (11th Cir. 1999) ("A court without personal jurisdiction is powerless to take further action."); *In re Partial Hosp. Institute of America*, 281 B.R. 728, 732 (Bankr. S.D. Ala. 2001) ("A judgment is also void when there has been defective service of process causing a party to be denied due process of law."); *Okehi v. Security Bank of Bibb County*, 199 F.R.D. 388, 389 (M.D. Ga. 2001) ("Insufficient service of process renders a judgment void as the Court lacks personal jurisdiction in such a situation and therefore has no power to render a judgment."); *American Institute of Certified Public Accountants v. Affinity Card, Inc.*, 8 F. Supp.2d 372, 375 (S.D.N.Y. 1998) ("a judgment obtained by way of defective service is void for lack of personal jurisdiction and must be set aside as a matter of law").

Credit.  To be sure, Farm Credit has proposed that the default judgment be joint and several as between R&B-SA and Rockett.  But what about defendant Robertson?  A consent judgment was entered against him and in Farm Credit's favor in the amount of $1,652,474 back in early March.  The categories of damages for which the Robertson judgment was entered appear to be the same as those encompassed in the requested default judgment against R&B-SA and Rockett, with the only difference appearing to be the accrual of additional interest in the interim.  The law is, of course, clear that plaintiffs are not entitled to double recoveries.[4]  Plaintiff has provided no information concerning amounts collected on the Robertson consent judgment to date, whether any payment plans have been established, or plaintiff's best understanding at this time as to its prospects for satisfying the judgment against Robertson.  Such data is crucial not only to setting the dollar amount of any default judgment against R&B-SA and Rockett, but also to assessing the likely scope and magnitude of future recovery efforts on the default judgment for purposes of fixing any prospective attorney's fee award in Farm Credit's favor.

Third, the Court finds that Farm Credit's damages showing is, in its present form, insufficient.  Notwithstanding any default by R&B-SA and Rockett, "[a] court has an obligation to assure that there is a legitimate basis for any damage award it enters." *Anheuser Busch, Inc. v. Philpot*, 317 F.3d 1264, 1266 (11th Cir. 2003); *see also Virgin Records America, Inc. v. Lacey*, 510 F. Supp.2d 588, 593 n.5 (S.D. Ala. 2007) ("While well-pleaded facts in the complaint are deemed admitted, plaintiffs' allegations relating to the amount of damages are not admitted by virtue of default; rather, the court must determine both the amount and character of damages.").  Indeed, the Eleventh Circuit has explained that "[f]ederal law similarly requires a judicial determination of damages absent a factual basis in the record," even where the defendant is in

---

[4] *See, e.g., E.E.O.C. v. Waffle House, Inc.*, 534 U.S. 279, 297, 122 S.Ct. 754, 151 L.Ed.2d 755 (2002) (noting that "it goes without saying that the courts can and should preclude double recovery by an individual") (citations and internal quotation marks omitted); *Ex parte Barnett*, 978 So.2d 729, 732 (Ala. 2007) ("Alabama law generally bars double recoveries, and, although a party is entitled to full compensation for his injuries, ... he can gain but one satisfaction.") (citations and internal quotation marks omitted); *Ex parte Goldsen*, 783 So.2d 53, 56 (Ala. 2000) ("It is a universal rule that a plaintiff, although entitled to full compensation for an injury, is entitled to only one recovery for a single injury caused by two or more tortfeasors.") (citation omitted).

default. *Anheuser Busch*, 317 F.3d at 1266. Ordinarily, unless a plaintiff's claim against a defaulting defendant is for a sum certain (which Farm Credit's is not, given the many proposed add-ons and adjustments to the bond amount), the law "requires the district court to hold an evidentiary hearing" to fix the amount of damages. *S.E.C. v. Smyth*, 420 F.3d 1225, 1231 (11th Cir. 2005). That said, no hearing is needed "when the district court already has a wealth of evidence from the party requesting the hearing, such that any additional evidence would be truly unnecessary to a fully informed determination of damages." *Id.* at 1232 n.13.[5]

At present, Farm Credit's damages evidence consists of a one-page summary listing line items, categories and amounts of damages, attached to the Jay Baker Affidavit. The Court cannot simply accept these figures on faith, without knowing how they were calculated, where they come from, or what the legal or contractual source might be of plaintiff's demands for each. For example, the summary includes nearly $160,000 in interest receivable, late charges and penalty interest, without documenting how those figures were calculated or identifying the contractual or legal basis for plaintiff's contention that those items are proper elements of damages in this case. Similarly, no backup (in the form of ledgers, spreadsheets, invoices, canceled checks, or otherwise) is provided to demonstrate the veracity of the line items for funds held, legal fees, appraisal, engineering services, and CPA services. Furthermore, plaintiff has failed to delineate a factual, legal or contractual basis for its claim that these professional service fees should be included amongst its damages. Simply put, while the Court believes that an evidentiary hearing on damages can and should be averted in this case, Farm Credit has not yet presented the "wealth of evidence" required by the Eleventh Circuit to enable the undersigned to make a fully informed determination of damages.

In light of the foregoing concerns, Farm Credit is **ordered**, on or before **August 25, 2009**, to file a supplemental legal and evidentiary submission in support of its requests for entry

---

[5] *See also Virgin Records*, 510 F. Supp.2d at 593-94 ("Where the amount of damages sought is a sum certain, or where an adequate record has been made via affidavits and documentary evidence to show ... damages, no evidentiary hearing is required."); *Natures Way Marine, LLC v. North American Materials, Inc.*, 2008 WL 801702, *3 (S.D. Ala. Mar. 24, 2008) ("Although the trial court must make determinations as to the amount and character of damages, it is not necessary to conduct an evidentiary hearing to fix damages if the amounts sought by plaintiff are adequately supported by supporting affidavits and other documentation.").

of default judgment against R&B-SA and Rockett, addressing all of the above matters, including without limitation the following:

1. An evidentiary showing and/or legal argument sufficient to demonstrate that R&B-SA and Rockett have, in fact, been validly served with process in this action, such that any default judgment entered against them would not be void for lack of personal jurisdiction;

2. An accounting of any funds received from Robertson in satisfaction of the consent judgment entered against him in March 2009, a description of any payment plans into which Robertson and Farm Credit have entered, and a candid assessment of Farm Credit's prospects for recovering on that consent judgment in the future, as well as Farm Credit's proposal(s) for how to structure any default judgment against R&B-SA and Rockett to avoid any risk of double recovery; and

3. An explanation of each line item of damages claimed (in affidavit or similar form), with exhibits in the form of appropriate backup documentation, and exposition of the legal and/or contractual basis of each such claimed line of damages.[6]

Finally, from the court file, it is unclear whether R&B-SA and Rockett have ever been given notice of the ongoing default proceedings against them. In an attempt to provide such notice to the defaulted defendants, the Clerk of Court is **directed** to mail copies of this Order to them at the following addresses via certified mail, return receipt requested: Rollin Rockett, c/o R

---

[6] To the extent that plaintiff's counsel has any other particularized evidence or legal argument supporting his request for an award of approximately $200,000 in attorney's fees that may accrue in the future in the course of post-judgment collection activities, those materials should be submitted as well. The Court has reviewed Attorney Edward Dean's Affidavit submitted on this point. However, the Court is specifically interested in any evidence or argument that, based on the particularized circumstances of this case, it would be reasonable to expect plaintiff's counsel to expend between 300 and 500 hours in post-judgment collection activities, given any known facts concerning defendants' assets and financial status, as well as the entry of consent judgment with respect to another defendant as to the same amounts. Plaintiff should also submit any legal authorities on which he wishes to rely for the proposition that such a large prospective attorney's fee award may be appropriately awarded for anticipated post-judgment collection efforts.

& B Construction, Inc., 8030 Spivey Rd., Jonesboro, GA 30236; and R & B Construction of South Alabama, Inc., c/o Brian R. Wesley, Registered Agent, 213 W 9th Ave #128, Foley, AL 36535.  (The latter address is drawn from Alabama Secretary of State records, and is reasonably calculated to provide notice to R&B-SA.)  Given their default status, **these defendants are cautioned that, absent a prompt appearance by them or their representatives herein, they are not entitled to receive, and will not be afforded, any further notice concerning plaintiff's ongoing efforts to secure a default judgment against them**.[7]

DONE and ORDERED this 5th day of August, 2009.

s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE

---

[7] The undersigned recognizes that "courts have generally required some notice to be given to a defendant between the time of service of process and entry of default judgment." *Capitol Records v. Carmichael*, 508 F. Supp.2d 1079, 1083 n.1 (S.D. Ala. 2007) (collecting cases); *see also Atlantic Recording Corp. v. Carter*, 508 F. Supp.2d 1019, 1022 n.1 (S.D. Ala. 2007) (same).  Moreover, the law of this Circuit is clear that "there is a strong policy of determining cases on their merits and we therefore view defaults with disfavor." *Worldwide Web*, 328 F.3d at 1295.  By all appearances, Farm Credit neglected to furnish R&B-SA and Rockett with any notice of the default and default judgment filings.  The mailing specified above cures any such notice defects, alerts these defendants that default judgment proceedings against them are underway, and apprises them of the need for immediate action on their part if they wish to be heard.