IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| FARM CREDIT OF NORTHWEST FLORIDA, ACA, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) CIVIL ACTION 08-0439-WS-C ) |
| R & B CONSTRUCTION OF SOUTH ALABAMA, INC., *et al.*, | ) ) ) |
| Defendants. | ) |

**ORDER**

This matter comes before the Court on plaintiff's Motions for Default Judgment (docs. 28 & 29) against defendants Rollin Rockett ("Rockett") and R & B Construction of South Alabama, Inc. ("R&B-SA"). In response to an Order (doc. 32) questioning whether personal jurisdiction over these defendants lies because of service of process concerns, plaintiff filed its Supplemental Legal and Evidentiary Submission (doc. 37) setting forth the legal and factual basis of its position that service of process was properly obtained as to both R&B-SA and Rockett.[1] The Court now considers the sufficiency of service of process on each of these defendants.

**I.      Service of Process on Defendant R&B-SA.**

The court file reflects that plaintiff sent copies of the summons and complaint to R&B-SA via certified mail to the business address of a company called R & B Construction, Inc. in

---

[1] Plaintiff seeks default judgment from these defendants because neither of them has appeared or otherwise defended in this action. Be that as it may, the law is well settled that a district court lacks jurisdiction to enter judgment against a party that has not properly been served with process. *See, e.g., Hemispherx Biopharma, Inc. v. Johannesburg Consol. Investments*, 553 F.3d 1351, 1360 (11th Cir. 2008) ("Service of process is a jurisdictional requirement: a court lacks jurisdiction over the person of a defendant when that defendant has not been served.") (citation omitted); *In re Worldwide Web Systems, Inc.*, 328 F.3d 1291, 1299 (11th Cir. 2003) ("Generally, where service of process is insufficient, the court has no power to render judgment and the judgment is void."). For that reason, it is incumbent on the Court to verify valid service of process antecedent to entry of default judgment against either defendant.

Jonesboro, Georgia.  That mailing was signed for by a person named Denise Gregory on August 11, 2008.  (Doc. 7.)

Pursuant to federal Rule 4(h), a corporation such as R&B-SA may properly be served with process "by delivering a copy of the summons and of the complaint to ... any other agent authorized by appointment or by law to receive service of process."  Rule 4(h)(1)(B), Fed.R.Civ.P.  That rule also provides that service may be made in any manner prescribed by state law for serving a summons on an action brought in the courts of the state where the district court is located.  *See* Rule 4(h)(1)(A), Fed.R.Civ.P.  Under Alabama rules, plaintiff could perfect service of process on R&B-SA by serving "any agent authorized by appointment or by law to receive service of process."  Rule 4(c)(6), Ala.R.Civ.P.  Additionally, the Alabama Rules of Civil Procedure provide that service of process may be made by certified mail rather than in-person delivery to that agent.  *See* Rule 4(i)(2)(A), Ala.R.Civ.P.

Upon careful review of plaintiff's supplemental legal and evidentiary submission, the Court is satisfied that R&B-SA was properly served with process.  In particular, plaintiff's evidence shows that Denise Gregory (the person who signed for the certified mailing to R&B-SA) "was specifically authorized to accept service on R&B-SA."  (Lowe Aff., ¶ 7.)[2]  That being the case, it is apparent that service of process on R&B-SA was properly made pursuant to federal Rule 4(h)(1) and Alabama Rules 4(c)(6) and (4)(i)(2)(A), by a certified mailing delivered to a person who was authorized by appointment to receive service of process on R&B-SA's behalf.

## II.     Service of Process on Defendant Rockett.

With respect to defendant Rollin Rockett, the record shows that plaintiff sent a copy of the summons and complaint via certified mail addressed to Rockett at the business address of R & B Construction, Inc. in Jonesboro, Georgia.  This certified mailing addressed to Rockett was signed for on August 11, 2008 by Denise Gregory.  (Doc. 8.)

---

[2]     There is no reason to believe that this evidence is not based on personal knowledge.  The affiant is Braxton Blake Lowe, the attorney of record for Brandon Robertson, who is also a named defendant in this action.  Robertson is the President and co-owner of R&B-SA; therefore, it is entirely reasonable that Lowe would have personal knowledge of whether Gregory had specific authorization to accept service of process on behalf of his client's company, R&B-SA.

Under both state and federal rules of civil procedure, service of process on an individual defendant can generally be completed in one of three ways: (1) "delivering a copy of the summons and of the complaint to the individual personally"; (2) "leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there"; or (3) "delivering a copy of each to an agent authorized by appointment or by law to receive service of process." Rule 4(e)(2), Fed.R.Civ.P.; *see also* Rule 4(c)(1), Ala.R.Civ.P. (similar). None of these forms of service are satisfied here. Clearly, plaintiff did not deliver a copy of the summons and complaint to Rockett personally. Moreover, because the certified mailing was sent to a business address, clearly no copies of these documents were left at Rockett's dwelling or usual place of abode. And there is no evidence that Denise Gregory was "authorized by appointment or by law to receive service of process" on Rockett's behalf within the meaning of federal Rule 4(e)(2)(C) or Alabama Rule 4(c)(1).[3]

Having said all of that, the Court nonetheless finds that plaintiff has made an adequate showing of service on Rockett to support entry of default judgment against him. Under Rule

---

[3] "The cases dealing with agency by appointment indicate that an actual appointment for the specific purpose of receiving process normally is expected. Accordingly, the mere fact that a person acts as the defendant's agent for some purposes does not necessarily mean that the person has authority to receive the summons and complaint." 4A Wright & Miller, *Federal Practice & Procedure Civ.3d* § 1097 (footnotes omitted); *see also Allison v. Utah County Corp.*, 335 F. Supp.2d 1310, 1314 (D. Utah. 2004) (service on individual defendant was invalid where plaintiff left summons and complaint with receptionist in defendant's office, absent showing that defendant had authorized anyone to accept service on her behalf); *Amnay v. Del Labs*, 117 F. Supp.2d 283, 286 (E.D.N.Y. 2000) (leaving copy of complaint and summons with individual defendant's secretary at her place of business is insufficient under Rule 4(e)); *West v. Paige*, 835 F. Supp. 20, 22 (D. Me. 1993) ("The defendant Nappi was ostensibly served through service upon a secretary at his place of employment. This does not satisfy the service requirements of" Rule 4); *Davis-Wilson v. Hilton Hotels Corp.*, 106 F.R.D. 505, 508 (E.D. La. 1985) ("An agent must be expressly appointed for the purpose of receiving service."); *Lamont v. Haig*, 539 F. Supp. 552, 556-57 (D.S.D. 1982) (service of process on defendants' secretaries at their places of business was not adequate where "[p]laintiffs have presented no evidence that defendants ... intended to appoint their secretaries to receive service in a case such as this"). These principles are echoed in the Practice Commentary to Rule 4 of the Federal Rules of Civil Procedure, which states in relevant part as follows: "The 'agent' referred to towards the end of paragraph (2) [of Rule 4(e)] is not just an employee or business agent of some kind. It must be an agent designated for process service specifically." *Id.* at C4-23.

4(i)(2) of the Alabama Rules of Civil Procedure, service of process on an individual may be completed by delivering a copy of the summons and complaint to that individual via certified mail.  Nothing in Rule 4(i)(2) or published Alabama authority purports to mandate that service via certified mail be achieved at a defendant's home address rather than his business address (or any other location where that individual receives mail), or otherwise to suspend the disjunctive terms of Rule 4(c) providing for service directly upon a defendant or an agent, without requiring service in either event to be accomplished at the defendant's dwelling house or usual place of abode.  *See Truss v. Chappell*, 4 So.3d 1110, 1113-14 (Ala. 2008) (Murdock, J., specially concurring) (persuasively reading Rule 4(c)(1) and Rule 4(i)(2) together to explain why service by certified mail on an individual defendant is not confined to the individual's dwelling house or usual place of abode).  Thus, service on an individual defendant via certified mail at a business address is not *per se* ineffective under the Alabama Rules of Civil Procedure.

Furthermore, the Alabama rules specify that service by certified mail is complete "from the date of delivery to the named addressee or the addressee's agent as evidenced by signature on the return receipt.  Within the meaning of this subdivision, 'agent' ***means a person or entity specifically authorized by the addressee to receive the addressee's mail and to deliver that mail to the addressee***." Rule 4(i)(2)(C), Ala.R.Civ.P. (emphasis added).  This is a much more forgiving formulation of "agent" than the strict "authorized by appointment or by law to receive service of process" requirement in Rule 4(c)(1).  In other words, when service is performed on an individual by certified mail in Alabama, it is enough for Rule 4(i) purposes that the letter be addressed to the defendant and signed for by a person authorized by the defendant to receive and deliver his mail, even if that person is not authorized by appointment or law to receive service of process for that defendant.

Plaintiff has demonstrated that it sent a certified mailing containing the summons and complaint addressed to Rockett at R&B Construction's business address in Jonesboro, Georgia.  Plaintiff has shown that this mailing was signed for by Denise Gregory, that Gregory was an administrative assistant employed by R&B Construction, and that Gregory was responsible for and assigned to sign for and deliver mail to the officers of R&B Construction, including Rockett. (*See* Lowe Aff., ¶ 8; Cobb Aff., ¶ 6.)  The Court deems this evidence sufficient to establish that Gregory was Rockett's agent within the meaning of Rule 4(i)(2)(C) of the Alabama Rules of

Civil Procedure. As such, service of process was effective on Rockett when Gregory (his Rule 4(i) agent) signed for the certified mailing on August 11, 2008.

### III.    Conclusion.

In light of the foregoing, the Court concludes that plaintiff has demonstrated that both R&B-SA and Rockett were validly served with process in this action, such that any default judgment entered against them would not be void for lack of personal jurisdiction. Because neither R&B-SA nor Rockett has appeared in this action in more than 13 months after receipt of valid service of process, the Motions for Default Judgment (docs. 28 & 29) are **granted**, and default judgment will be entered against both defendants once damages have been fixed.

To enable the Court to compute damages for the default judgments against these defendants, plaintiff is **ordered**, on or before **October 26, 2009**, to file a supplemental legal and evidentiary showing addressing the accounting and damages issues specified in the August 5 Order (doc. 32), to-wit:

1. An accounting of any funds received from Robertson in satisfaction of the consent judgment entered against him in March 2009, a description of any payment plans into which Robertson and Farm Credit have entered, and a candid assessment of Farm Credit's prospects for recovering on that consent judgment in the future, as well as Farm Credit's proposal(s) for how to structure any default judgment against R&B-SA and Rockett to avoid any risk of double recovery; and

2. An explanation of each line item of damages claimed (in affidavit or similar form), with exhibits in the form of appropriate backup documentation, and exposition of the legal and/or contractual basis of each such claimed line of damages.[4]

---

[4] To the extent that plaintiff's counsel has any other particularized evidence or legal argument supporting his request for an award of approximately $200,000 in attorney's fees that may accrue in the future in the course of post-judgment collection activities, those materials should be submitted as well. The Court has reviewed Attorney Edward Dean's Affidavit submitted on this point. However, the Court is specifically interested in any evidence or argument that, based on the particularized circumstances of this case, it would be reasonable to expect plaintiff's counsel to expend between 300 and 500 hours in post-judgment collection activities, given any known facts concerning defendants' assets and financial status, as well as

Plaintiff should also include in its supplemental filing a proposed form of judgment.

DONE and ORDERED this 5th day of October, 2009.

> s/ WILLIAM H. STEELE
> UNITED STATES DISTRICT JUDGE

---

the entry of consent judgment with respect to another defendant as to the same amounts. Plaintiff should also submit any legal authorities on which he wishes to rely for the proposition that such a large prospective attorney's fee award may be appropriately awarded for anticipated post-judgment collection efforts.