IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **FARM CREDIT OF NORTHWEST FLORIDA, ACA,** ) ) ) | |
| **Plaintiff,** ) ) | |
| v. ) ) | CIVIL ACTION 08-0439-WS-C |
| **R & B CONSTRUCTION OF SOUTH ALABAMA, INC.,** *et al.*, ) ) ) | |
| **Defendants.** ) | |

**ORDER**

This matter comes before the Court on plaintiff's Response to Court's Order (doc. 43), which is effectively a supplemental submission on damages in support of plaintiff's Motions for Default Judgment (docs. 28 & 29) against defendants Rollin Rockett and R & B Construction of South Alabama, Inc. ("R&B-SA"). The Court having previously determined that plaintiff is entitled to entry of default judgment against both Rockett and R&B-SA, the only remaining task is to fix the amount of damages.

**I.      Relevant Background.**

In July 2008, plaintiff, Farm Credit of Northwest Florida, ACA ("Farm Credit"), filed the Complaint (doc. 1) against defendants, R&B-SA, Rockett and Brandon Robertson.[1]  The gravamen of the Complaint is that R&B-SA was in default of its obligations to Farm Credit

---

[1]      All well-pleaded factual allegations in the Complaint against both R&B-SA and Rockett are deemed admitted by virtue of their defaults. *See, e.g., Eagle Hosp. Physicians, LLC v. SRG Consulting, Inc.*, 561 F.3d 1298, 1307 (11th Cir. 2009) (defaulting defendant "admits the plaintiff's well-pleaded allegations of fact, is concluded on those facts by the judgment, and is barred from contesting on appeal the facts thus established") (citation omitted); *Nishimatsu Const. Co., Ltd. v. Houston Nat. Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975) ("The defendant, by his default, admits the plaintiff's well-pleaded allegations of fact."); *Twist and Shout Music v. Longneck Xpress, N.P.*, 441 F. Supp.2d 782, 783 (E.D. Tex. 2006) ("The effect of the entry of default is that it cuts off the defendants' right to appear in the case with respect to liability issues.").

under a bond agreement pursuant to which R&B-SA had promised to pay Farm Credit the principal sum of $4,560,000, plus interest, and that Rockett and Robertson (both of whom are principals in R&B-SA) were in default of unconditional guaranties that they had executed in Farm Credit's favor to assure payment of R&B-SA's obligations on the bond agreement.

### *A.*     *Well-Pleaded Allegations of the Complaint against R&B-SA and Rockett.*

The Complaint reflects that R&B-SA executed and delivered to Farm Credit a Bond Agreement and a Senior Secured Rural America Bond, pursuant to both of which R&B-SA promised to pay Farm Credit the principal sum of $4,560,000, plus interest. The Complaint alleges that R&B-SA defaulted on its payment obligations to Farm Credit as set forth in those agreements.[2] Under the terms of the Bond Agreement (a copy of which was appended to the Complaint as Exhibit A), Farm Credit's remedies for default included acceleration (defined in the contract as the right "[t]o declare the entire unpaid principal amount of the Bond, accrued interest and all other obligations immediately due and payable"), foreclosure on certain real estate collateral, and imposition of a default rate of interest and late charges. (Doc. 1, Exh. A, ¶ 8.) The Bond Agreement also contained a provision whereby R&B-SA agreed to pay "the full amount of all reasonable out-of-pocket costs and expenses, including reasonable attorneys' fees, costs of experts and all other expenses" incurred by Farm Credit in certain enumerated circumstances, including those relating to enforcement of the Bond and Bond Agreement. (*Id.*, ¶ 9.14.) On the basis of R&B-SA's breach of contract, the Complaint demanded that Farm Credit be awarded judgment against R&B-SA in the amount of $1,652,474, plus pre-judgment and post-judgment interest, as well as reasonable attorney's fees already incurred and to be incurred in the future, plus expenses and costs. (Complaint, at 4.)

With respect to Rockett (an individual), the well-pleaded allegations of the Complaint reflect that he "executed and delivered an unconditional guaranty in favor of Farm Credit guarantying and promising to pay to Farm Credit any and all indebtedness of [R&B-SA], which

---

[2]     Under the terms of the Bond, R&B-SA was obligated to pay interest on the outstanding principal amount at a variable interest rate (calculated as the three-month LIBOR plus 2.825%), on the first day of each month, commencing on July 1, 2007, through the maturity date of June 1, 2010, at which time the final interest payment plus the outstanding principal amount would be due. (Doc. 1, Exh. B.)

included all principal, interest, costs of collection, reasonable attorney fees and other charges whether then existing or made, incurred or created thereafter." (Complaint, ¶ 16.)[3]  Rockett's financial obligations to Farm Credit were thus coextensive with those of R&B-SA, once R&B-SA was in default.  The Complaint further alleged that Rockett had failed to pay the balance of the indebtedness of R&B-SA to Farm Credit, as he had promised, such that he had defaulted on the guaranty.  On the basis of Rockett's breach of his contractual obligations, Farm Credit's Complaint demanded judgment against Rockett in the amount of $1,652,474, plus pre-judgment and post-judgment interest, as well as reasonable attorney's fees already incurred and to be incurred in the future, plus expenses and costs.  (*Id.* at 5.)

R&B-SA and Rockett failed to plead or otherwise defend in this action.  After careful *sua sponte* analysis of service of process and personal jurisdiction concerns, the Court entered an Order (doc. 38) on October 5, 2009, granting Farm Credit's motion for entry of default judgment against both of those defendants pursuant to Rule 55, Fed.R.Civ.P., and directing plaintiff to supplement its evidence and argument concerning damages to enable the undersigned to fix the amount of the default judgment against those defendants.[4]

---

[3]  These factual allegations are reinforced by the Unconditional Guaranty document itself, a copy of which is appended to the Complaint as Exhibit C.  By the terms of that document, Rockett "absolutely and unconditionally guarantees to [Farm Credit] ... the due and punctual payment as and when due of all liabilities and obligations of [R&B-SA] under the Bond, the Bond Agreement and under all Bond Documents."  (Doc. 1, Exh. C, at 1-2.)  Rockett further promised in the Unconditional Guaranty to guarantee payment of all interest or finance charges on those liabilities and obligations, as well as to pay "all legal expenses and the reasonable attorneys' fees incurred by [Farm Credit] in enforcing this Guaranty or the Bond."  (*Id.* at 2.)

[4]  "While well-pleaded facts in the complaint are deemed admitted, plaintiffs' allegations relating to the amount of damages are not admitted by virtue of default; rather, the court must determine both the amount and character of damages."  *Virgin Records America, Inc. v. Lacey*, 510 F. Supp.2d 588, 593 n.5 (S.D. Ala. 2007).  Even in the default judgment context, "[a] court has an obligation to assure that there is a legitimate basis for any damage award it enters."  *Anheuser Busch, Inc. v. Philpot*, 317 F.3d 1264, 1266 (11th Cir. 2003); *see also Credit Lyonnais Securities (USA), Inc. v. Alcantara*, 183 F.3d 151, 155 (2d Cir. 1999) (even where default judgment is warranted based on failure to defend, allegations in complaint with respect to damages are not deemed true, and district court must conduct inquiry in order to ascertain damages with reasonable certainty); *Patray v. Northwest Pub., Inc.*, 931 F. Supp. 865, 869-70

### B. *Plaintiff's Claims against Robertson.*

Before examining the specific categories of damages sought by Farm Credit against R&B-SA and Rockett for default judgment, it bears noting the nature and status of plaintiff's claims against defendant Brandon Robertson, who will not be joined in the default judgment. Farm Credit's Complaint asserted a cause of action against Robertson for breach of contract based on default of an unconditional guaranty that he had executed. Both Robertson's guaranty and plaintiff's cause of action against him were substantially similar to those relating to Rockett. Unlike R&B-SA and Rockett, however, Robertson appeared and defended himself in this action, and ultimately acquiesced to submission of a joint motion for consent judgment against him for the overwhelming majority of the damages claimed by Farm Credit. As a result, a Rule 54(b) Judgment (doc. 27) was entered against Robertson and in favor of Farm Credit on March 5, 2009, in the amount of $1,652,474, plus costs and post-judgment interest at the rate of 0.72%. In light of the near-total overlap in damages, the default judgment entered against R&B-SA and Rockett must account for the separate judgment against Robertson to prevent a double recovery.

Farm Credit agrees that any default judgment against R&B-SA and Rockett should be joint and several to the consent judgment previously entered against Robertson. (Harrison Aff. (doc. 43-2), ¶ 5.) As such, any funds collected as to one judgment should reduce the balance owed as to the other. However, Farm Credit has presented evidence, in response to the Court's queries, that to date Robertson "has not paid anything of value whatsoever to Farm Credit in connection with the judgment" and "there are no past, present or pending arrangements, agreements, or deals made with Brandon Robertson concerning payment of said judgment." (*Id.*) Thus, it is clear that no reduction in the default judgment amount is needed at this time to account for funds received on the Robertson judgment, for the simple reason that no funds have been collected to date. The Court will consider these facts and circumstances in fashioning the default judgment as to R&B-SA and Rockett.

---

(S.D. Ga. 1996) (explaining that it is proper exercise of judicial power for court upon default to take evidence, fix amount which prevailing party should recover, and then give judgment). A default judgment "does not give the plaintiff a blank check to recover from the defaulting defendant any losses it had ever suffered from whatever source." *Jackson v. Correctional Corporation of America*, 564 F. Supp.2d 22, 27 (D.D.C. 2008) (citations omitted).

**II.      Analysis.**

As explained *supra*, it is Farm Credit's burden to prove its damages against R&B-SA and Rockett, notwithstanding their defaulted status under Rule 55.  Although plaintiff may satisfy this burden via live testimony presented at an evidentiary hearing, no hearing is required if Farm Credit presents sufficiently detailed documentation to enable the Court to fix damages.[5]  The Court finds that Farm Credit has satisfied this requirement by submitting extensive written materials (in the form of affidavits and exhibits) supporting its damages request; therefore, no hearing is necessary.  As such, it is now appropriate to examine the specifics of Farm Credit's requested default judgment.

   *A.      Principal Owed on the Bond, after Credits for Collateral and Payments.*

Farm Credit has presented affidavits and documentation establishing that the principal amount owed by R&B-SA and Rockett is $1,428,778.88.  In particular, the Bond states that the principal amount of indebtedness assumed by R&B-SA (with unconditional guaranty by Rockett) was $4,560,000. (Doc. 1, at Exh. B.)  Plaintiff's documentation also shows that R&B-SA is entitled to credit on that principal amount for deposits made in the amount of $1,118,341.29, as well as accrued interest on those deposits in the amount of $12,879.83. (Harrison Aff., at Exh. A-5.)  Subtracting those amounts from the total principal indebtedness yields a figure of $3,428,778.88.  Plaintiff correctly recognizes that an additional deduction from that principal amount must be made for the $2,000,000 that Farm Credit received upon foreclosing on the real estate collateral in which R&B-SA had granted Farm Credit a mortgage

---

[5]      *See, e.g., S.E.C. v. Smyth*, 420 F.3d 1225, 1231-32 & n.13 (11th Cir. 2005) (ordinarily the law "requires the district court to hold an evidentiary hearing" to fix damages, but no hearing is needed "when the district court already has a wealth of evidence ..., such that any additional evidence would be truly unnecessary to a fully informed determination of damages"); *also Virgin Records*, 510 F. Supp.2d at 593-94 ("Where the amount of damages sought is a sum certain, or where an adequate record has been made via affidavits and documentary evidence to show ... damages, no evidentiary hearing is required."); *Natures Way Marine, LLC v. North American Materials, Inc.*, 2008 WL 801702, *3 (S.D. Ala. Mar. 24, 2008) ("Although the trial court must make determinations as to the amount and character of damages, it is not necessary to conduct an evidentiary hearing to fix damages if the amounts sought by plaintiff are adequately supported by supporting affidavits and other documentation."); *Taylor v. City of Ballwin, Mo.*, 859 F.2d 1330, 1333 (8th Cir. 1988) (evidentiary hearing not necessary where facts in the record enable the court to fix the amount which the plaintiff is lawfully entitled to recover).

lien as security in connection with the Bond Agreement. (Doc. 46.) Accordingly, plaintiff has adequately shown that the outstanding unpaid principal amount on the Bond is **$1,428,778.88**. Both R&B-SA and Rockett are liable to Farm Credit for that deficiency pursuant to the express terms of the Bond, the Bond Agreement, and the Unconditional Guaranty executed by Rockett. Accordingly, that sum is properly included as a component of the default judgment.

### B.    *Contractual Adjustments for Interest and Penalties.*

Farm Credit also identifies and presents evidence to support several add-ons to that principal amount, pursuant to the relevant contract documents. As mentioned *supra*, the Bond obligated R&B-SA to make interest payments on the first day of each month at a variable interest rate calculated as LIBOR + 2.825%. Plaintiff's exhibits show that R&B-SA failed to make those payments for the months of November 2007, December 2007, January 2008, February 2008 and March 2008, and that the total interest payments receivable for those months are **$134,241.87**. (Doc. 43, at Exh. A-2.) Those interest receivable amounts are properly included in the default judgment because R&B-SA promised to pay those amounts, but did not, and Rockett guaranteed those payments, but never fulfilled his obligation to pay them.

Furthermore, Farm Credit properly seeks recompense under the late charges and penalty interest clauses of the Bond Agreement. The "late charge" provision states that if R&B-SA failed to make any principal or interest payment within 10 days of the due date, R&B-SA was obligated to pay Farm Credit "a late charge equal to two percent (2.0%) of the overdue installment." (Doc. 1, Exh. A, ¶ 8(b).) These late charges were guaranteed by Rockett. Farm Credit submits documentation showing that late charges in the total amount of **$1,806.15** were computed for R&B-SA's late payments in December 2007, January 2008 and February 2008, but were never paid. (Doc. 43, at Exh. A-3.) Accordingly, that amount is properly awarded to Farm Credit in the default judgment against R&B-SA and Rockett. As for penalty interest, the Bond Agreement specified that if any principal or interest payment was 10 days overdue, "interest shall accrue on the entire outstanding principal ... from and after such date until and including the date on which such amount is paid in full at the rates accruing under the Bond, plus an additional two percent (2%) per annum." (Doc. 1, Exh. A, ¶ 8(a).) Farm Credit's documents show that penalty interest was calculated and unpaid for the period of December 11, 2007

through March 6, 2008 on the entire $4,560,000 principal, for a total penalty interest amount of **$21,678.69**. Those amounts were contractually due and owing by R&B-SA, and guaranteed by Rockett, but were not paid; therefore, they are properly included in the default judgment award.

### *C.     Professional Services Performed to Date.*

Next, Farm Credit seeks recovery of fees incurred for various professional services, including legal, accounting, engineering and appraisal services. The critical contract provision concerning the recoverability of these categories of expenses is found at ¶ 9.14 of the Bond Agreement, which states in pertinent part as follows:

> "[R&B-SA] shall pay to [Farm Credit] immediately upon demand the full amount of all reasonable out-of-pocket costs and expenses, including reasonable attorneys' fees, costs of experts and all other expenses, incurred by [Farm Credit] in connection with (a) the negotiation and preparation of the Bonds, this Bond Agreement and the other Bond Documents ...., (b) upon occurrence of an Event of Default ...., the costs of additional appraisals, environmental studies, title insurance, survey updates and legal reviews, such costs to be incurred for reasonable cause; (c) ... the custody, preservation, protection, repair and operation of any of the Collateral, (d) the pursuit by [Farm Credit] of its rights and remedies under the Bond Documents and applicable law, and (e) ... participating in any ... litigation or dispute resolution of any other nature involving [Farm Credit, R&B-SA] or any Collateral, except to the extent [Farm Credit] has been adjudicated to have engaged in wrongful conduct."

(Doc. 1, Exh. A, at ¶ 9.14.) Such obligations are attributable to Rockett pursuant to his contractual guaranty of payment of "all liabilities and obligations of [R&B-SA] under ... all Bond Documents." (Doc. 1, Exh. C, at 1-2.)

Plaintiff's evidence is that Farm Credit paid the law firm of Miller, Hamilton, Snider & Odom, LLC, the sum of **$10,134.71** "for advice and handling the foreclosure sale under our mortgage." (Harrison Aff., ¶ 4; doc. 43, at Exh. A-6; doc. 45, at 1-19.) Those attorney's fees are properly awarded to Farm Credit on default judgment because they constitute expenditures incurred by Farm Credit in "the pursuit ... of its rights and remedies under the Bond Documents and applicable law." (Doc. 1, Exh. A, at ¶ 9.14(d).) When R&B-SA defaulted, Farm Credit exercised its contractual right to foreclose on the collateral. By the express terms of the relevant agreements, Farm Credit is entitled to recoup its fees incurred in pursuit of that remedy.

Plaintiff also shows that Farm Credit has paid J. Don Foster, Esq., its counsel of record in

this action, the sum of **$73,427.00** "to review hundreds of documents concerning our loans to defendants and report to [Farm Credit] our rights and duties concerning whether fraudulent representations were made to Farm Credit which induced us to make such loans," as well as "to bring this civil suit."  (Harrison Aff., ¶¶ 3-4; doc. 43, at Exh. A-6; doc. 45, at 20-44.)  Upon review of the invoices and accompanying documentation, the Court is satisfied that those attorney's fees qualify for inclusion in the default judgment because they were reasonably incurred in the pursuit of Farm Credit's "rights and remedies under the Bond Documents and applicable law" and in "participating in ... litigation" involving R&B-SA.  (Doc. 1, Exh. A, at ¶ 9.15(d), (e).)[6]

The other three categories of professional service fees which Farm Credit seeks to have included in the default judgment consist of $15,000 paid to Engineering Development Services, LLC for engineering services; $5,500 paid to R.L. Farmer & Company, Inc. for an appraisal; and $13,804.21 to Harper, Rains, Knight & Company for "CPA Special review of R&B Bond."  (Doc. 43, at Exh. A-6.)  Plaintiff has adequately shown that these fees were incurred and paid by Farm Credit.  (*Id.*; doc. 44.)  However, plaintiff's submission is lacking in the areas of (1) providing evidence showing specifically why those services were performed; and (2) explaining how those fees are compensable under the provisions of Paragraph 9.14 or any other provision of

---

[6] Although not referenced in the evidentiary submission or exhibits of amounts claimed, plaintiff states in its supplemental Response that Attorney Foster has accrued approximately 92.4 hours of unbilled time on this matter (which would equate to $27,720 in legal fees at counsel's hourly rate of $300).  (Doc. 43, at 4.)  This attorney time has apparently accrued over a period of six months and has never been billed to or paid by Farm Credit, for reasons that are not set forth.  The Response proposes inclusion of this unbilled time in the default judgment; however, there is considerable doubt as to whether and, if so, how much of this time will even be billed to Farm Credit.  Indeed, plaintiff's counsel acknowledges that he "will undoubtedly substantially discount any of the remaining unbilled time which is billed."  (Doc. 43, at 5 n.3.)  In light of these representations, it is speculative whether these 92.4 hours will ever be billed to or paid by Farm Credit.  Besides, plaintiff has failed to document those unbilled hours in its evidentiary submission.  For these reasons, the unbilled fees are properly excluded from the default judgment.  *See, e.g., Martin v. Battistella*, 9 So.3d 1235, 1241 (Ala. 2008) ("Damages can be awarded only where they are reasonably certain and not based upon speculation.") (citation omitted); *Torsch v. McLeod*, 665 So.2d 934, 940 (Ala. 1995) (indicating that it is "well established that damages may not be awarded where they are remote or speculative") (citations omitted).

the Bond Agreement or other contractual documents. Plaintiff's Response does not reference those categories of expenses at all, and the meager one-line explanations furnished in plaintiff's "Exhibit One" attached to that Response are too fragmentary (and untethered to affidavits or other evidence) to disclose any evidentiary basis or legal theory under which those fees are recoverable. The Court has been left guessing as to why those fees were incurred and how plaintiff believes them to be recoverable under the applicable contracts. Accordingly, these engineering, appraisal, and accounting fees will be excluded from the default judgment for failure of proof and lack of explanation tying them to the specific categories of expenses that are subject to recovery under the relevant contracts.

### D. Future Attorney's Fees.

In addition to previously incurred attorney's fees, Farm Credit has requested as an element of damages that it be awarded prospective attorney's fees of roughly $200,000 for fees that it may incur in collecting the money judgment against R&B-SA and Rockett. In response to this request, the Court entered an Order (doc. 32) on August 5, 2009, expressing concern that this item of damages is problematic and directing plaintiff to supplement its evidentiary submission and legal argument on this point, as follows: "[T]he Court is specifically interested in any evidence or argument that, based on the particularized circumstances of this case, it would be reasonable to expect plaintiff's counsel to expend between 300 and 500 hours in post-judgment collection activities, given any known facts concerning defendants' assets and financial status .... Plaintiff should also submit any legal authorities on which he wishes to rely for the proposition that such a large prospective attorney's fee award may be appropriately awarded for anticipated post-judgment collection efforts." (Doc. 32, at 6 n.6.)

In response to this directive, Farm Credit indicates that its research has not identified any case law authorizing the kind of prospective attorney's fee recovery that it seeks here. More importantly, plaintiff offers nothing other than speculation that collection efforts on this default judgment will prove expensive and time-consuming.[7] Plaintiff hypothesizes that Rockett will be

---

[7] To be sure, plaintiff previously offered the Affidavit of Edward Dean, Esq. (Doc. 28, at Exh. D), wherein Attorney Dean averred that "in all likelihood, the collection of the default judgment will be difficult and most likely on a contingency fee basis." (Dean Aff., ¶ 6.) On the strength of that assessment, Dean opined that a reasonable prospective fee award would

unresponsive to subpoenas; however, it is not apparent why his mere default would support such a theory, given the critical distinction between ignoring a summons (which effectively concedes judgment) and ignoring a post-judgment subpoena (which is punishable by contempt sanctions). Additionally, plaintiff glosses over the fact that defendant Robertson (the President and co-owner of R&B-SA) has been cooperative in this lawsuit.  Indeed, Robertson answered the Complaint, voluntarily entered into a consent judgment with Farm Credit, and even arranged for his attorney to submit an affidavit in September 2009 in support of plaintiff's attempts to secure a default judgment against his company, R&B-SA.  (*See* doc. 37, at Exh. A.)  Far from obstructing Farm Credit's efforts to obtain a default judgment against R&B-SA, Robertson has gone out of his way to facilitate them.  This remarkable degree of cooperation and responsiveness by an adverse party is powerful evidence that collection efforts as to any assets held by R&B-SA should not prove difficult or time-consuming, especially given Robertson's leadership position in the company.

Farm Credit appears cognizant of its predicament in terms of failure of proof and failure of compelling legal argument as to prospective attorney's fees.  Rather than pressing for such an award, Farm Credit emphasizes that it "does not want attorney fees to be a 'fly in the ointment' in this case" and that it does not want the prospective fee request "to create a difficulty for the Court."  (Doc. 43, at 4-5.)  In light of the aforementioned defects in proof and argument, as well as Farm Credit's expressed willingness to accept a fee award that omits prospective attorney's fees, this category of damages will be excluded from the default judgment entered in this case.

### E.      Post-Judgment Interest.

Finally, plaintiff has requested an award of post-judgment interest on the total damages

---

be 15% of the total principal and interest awarded, or alternatively an hourly fee calculated at 300 - 500 billable hours at $300 - $340 per hour.  (*Id.*, ¶ 7.)  The trouble with these figures is that Dean does not link his opinions to any evidence concerning the financial status or anticipated resistance to collection efforts of R&B-SA and Rockett.  To say that collection on default judgments is frequently an expensive endeavor is not to say that there is any particular reason to believe it will be expensive in this case.  No such reason has been identified.  Nor is there any stated reason to believe that Farm Credit has entered or will enter into a contingency fee agreement with any law firm for collection of the judgment, much less an agreement providing for a fee of 15% of any amount collected.

award.  Such an award is proper.  Under federal law, "[i]nterest shall be allowed on any money judgment in a civil case recovered in a district court."  28 U.S.C. § 1961(a).  The statute further provides that such interest "shall be calculated from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding[] the date of the judgment."  *Id.* (footnote omitted).  According to the most current iteration of Federal Reserve Statistical Release H.15, dated November 23, 2009 and found at www.federalreserve.gov/releases/h15/current, the average 1-year constant maturity Treasury yield for the week ending November 20, 2009 was 0.29%.  Accordingly, post-judgment interest shall accrue at the statutory rate of **0.29%** from this date forward.

### III.     Conclusion.

For all of the foregoing reasons, it is hereby **ordered** that a default judgment will be entered in favor of plaintiff, Farm Credit of Northwest Florida, ACA, and against defendants R&B Construction of South Alabama, Inc. and Rollin Rockett, jointly and severally, in the total amount of **$1,670,067.30**.  Post-judgment interest will accrue on this amount at the statutory rate of **0.29%**.  To avoid the prospect of a double recovery, it is further **ordered** that any recovery by plaintiff on either this default judgment or the consent judgment (doc. 27) previously entered against defendant Brandon Robertson in this case shall be credited against both judgments, inasmuch as both judgments represent compensation for the same losses and the same harms.

A separate default judgment will enter.

Because this Order and the accompanying Default Judgment resolve all remaining issues against all remaining parties herein, the Clerk's Office is directed to close this file for administrative and statistical purposes.

DONE and ORDERED this 24th day of November, 2009.

s/ WILLIAM H. STEELE  
UNITED STATES DISTRICT JUDGE